Halstead *v.* McChesney.

GOULD, J. concurred.

WRIGHT, J. dissented.

Order affirmed.

[ALBANY GENERAL TERM, December 6, 1858. *Wright, Gould* and *Hogeboom*
Justices.]

DEWITT C. HALSTEAD, administrator, &c. of ELIZA HAL-
STEAD, deceased, *vs.* JONAS C. MCCHESNEY.

Where a bond for the payment of money, executed by a husband to a third
person, was taken for the benefit of, and intended to belong to, the obligor's
wife, upon the understanding that the obligee, who was the mere custodian
or depositary thereof, should assign the same to her when she should call
for it; *Held* that the circumstance that the wife did not, during her lifetime,
call for or request an assignment of the bond, did not destroy or impair her
right thereto,

*Held, also,* that the accidental circumstance of the wife's death could not defeat
the substantial ownership of the bond; and that, upon that event occurring,
the right to demand its delivery or assignment devolved, as a necessary legal
incident, upon her administrator.

In an action brought by the wife's administrator, for that purpose, it is not
proper that the plaintiff should seek or obtain a judgment extinguishing a
portion of her estate.    Hence a decree directing the bond to be delivered up
and *canceled,* is erroneous.

Halstead *v.* McChesney.

APPEAL by the defendant from a judgment rendered by Justice GOULD, in favor of the plaintiff, for equitable relief and costs, in a case tried before him without a jury, at the Rensselaer circuit, in February, 1860. The facts are sufficiently stated in the opinion of the court.

*W. A. Beach*, for the plaintiff, respondent.

*D. L. Seymour*, for the defendant, appellant

*By the Court*, HOGEBOOM, J. This action is brought by the plaintiff, as administrator of his deceased wife, to compel the assignment or delivery, by the defendant to the plaintiff, of a certain bond for $1500, bearing date the 1st day of July, 1854, executed by the plaintiff (in his individual capacity) to the defendant, but alleged to have belonged to his deceased wife. This bond was ante-dated, and was given as the plaintiff claims, in substitution of another bond of the same date, executed by the plaintiff (individually) to his wife Eliza Halstead, and deposited with the defendant for her benefit.

The consideration of the first bond, as claimed by the plaintiff, was $1500, advanced by the defendant to the plaintiff towards the purchase of a farm by the latter, which sum, it is claimed by the plaintiff, was intended as a gift or advancement to the plaintiff's wife by her father, the defendant. This allegation, as to the consideration and object of the first bond, is substantially also admitted or stated in the answer. The answer proceeds to allege that that bond was so taken in the name of the said Eliza, without her knowledge or consent ; and that, when she became aware thereof, she objected thereto, and desired that such bond should be canceled and a new one executed by the plaintiff directly to the defendant, and that he should hold the same until she should call for it. That, accordingly, that bond was canceled, and the one now in question executed to the defendant,

with the understanding between the defendant and said Eliza that he, the defendant, should assign to her the said bond when she should call for it, and take her receipt for so much, as a portion voluntarily advanced by the said defendant to said Eliza. That said Eliza died about eight months thereafter, having never called for or requested an assignment of the said bond, though it is not denied that such demand was made by the plaintiff before suit brought.

I am strongly inclined to think that the answer sets up no sufficient defense to the action. Enough appears therefrom, in connection with the undenied allegations in the complaint, to show that the bond was taken for the benefit of, and intended to belong to, the said Eliza, and that the defendant was the mere custodian or depositary thereof. If this was so, it would not destroy or impair her right thereto that she did not, during her lifetime, call for or request an assignment thereof, notwithstanding the understanding was that the defendant should assign to her the said bond when she should call for it. The accidental circumstance of her death could not defeat the substantial ownership of the bond ; and the right to demand its delivery, or assignment, would devolve, I think, as a necessary legal incident, upon her administrator.

But the question was not decided upon the pleadings, but upon the evidence taken in the case, the plaintiff claiming that, upon the evidence, his theory was substantially maintained ; and it is not to be denied that there was much, and, I am inclined to think, preponderating evidence in support of such a theory. The plaintiff and his brother Alexander G. Halstead, in substance, testify to this state of facts. The defendant, in his testimony, as to the greater part of it, does not disagree very materially with the plaintiff's evidence. He says, it is true, as the result of an interview between himself and the plaintiff and wife, that he was to hold the bond as his property ; but it is not quite certain whether, in regard to this and some other expressions, he is stating his inference as to the effect of the conversation or the actual

Halstead *v.* McChesney.

conversation itself. He afterwards says : "I will not be very positive that I stated to them that I considered the bond my property." And immediately after the expression used by him, " I was to hold it as my property," he adds : " She (the plaintiff's wife) said when she wanted it, I could assign it to her, and she would give me a receipt as so much of an advanced portion of my estate." He also says, in another part of his testimony : " She wanted the new bond drawn to me, and that I should hold the security till she wanted it, and whenever she wanted it, and I saw fit to assign it to her, she should have it, and I should assign it." He also says, " that is the conversation which occurred, and in which it was said by the plaintiff's wife that I was to hold the bond as my property." I do not see that the defendant is supported directly by any other witness in regard to this interview between the parties, as respects those particulars in which he disagrees with the plaintiff's witnesses. And the plaintiff and Alexander G. Halstead being recalled, both deny that the defendant said he considered the bond his property, or would hold the bond as his property. In this conflict of evidence it was, of course, the duty of the trial court to determine which statement was correct, and with better opportunities of determining that matter correctly and truly, it has determined that question in favor of the plaintiff.

The defendant has given additional evidence of subsequent declarations of the intestate in regard to her idea as to the ownership of the bond, and her wishes and intentions as to its disposition. Thus the defendant says : " She afterwards said it was now fixed the way she wanted it; it was now fixed so that in case of the death of either of them, the money should go back where it came from." Her brother, Edward McChesney, says : " She said she wanted it fixed so that in case of the death of herself or husband, the money would not go to the Halstead family, but go back to where it came from ;" and, afterwards, " she said she did not expect to live, and was glad the bond was arranged in that

way, as now the money would belong to her father." Her sister, Lucia McChesney, says : " She said she was glad the bond had not been assigned to her ; that it was father's, and, in case of her death, it would not go to the Halsteads. She said the bond was as she wanted it to be." Assuming, as we must, the admissibility of this testimony, for it is in the case, it is perhaps entitled to some weight, so far as it reflects light upon the question what the arrangement and understanding between the parties actually was. So far as it is designed by it to bind her as an agreement to transfer or pass over the bond to her father, it wants the essential quality of a contract—a valid consideration. And, so far as it expresses her opinion upon the legal effect of the actual arrangements of the parties, it is entitled to no weight at all. After all, we must come back to the proposition that here is a palpable conflict of evidence, and that we are not in a situation to say that the court, which disposed of this cause at the circuit, erred on this question of fact.

Assuming that the judge was correct in coming to a conclusion on the questions of fact as he did, I do not discover any error in his findings of fact, or refusals to find, stated in the case. I do not deem it necessary to go through with them in detail. They are covered substantially by what has been said ; and even if any of them happen to be not strictly according to the facts established in the case, I do not think they would vary the general result, and do not afford sufficient ground, in an equity action, for a new trial.

The objection taken to the testimony of the plaintiff, at the close of the evidence in the case, was not, I think, well taken. The testimony there admitted, under objection, was, I think, competent on the question of what formed the consideration of the bond.

There is, however, one feature of the decree with which I am not entirely satisfied, and which I think ought to be corrected. The judge found, as a conclusion of law, " that the plaintiff upon the facts proved and found by the court, is, as

matter of law, entitled to the judgment demanded in the complaint." The defendant excepted, and, in accordance with a portion of the relief sought in the complaint, the judge decrees "that said defendant Jonas C. McChesney do deliver up to the above plaintiff, *to be canceled*, the bond in the said plaintiff's complaint set forth, *and that the same is hereby declared canceled."* I regard the cancelation of the bond as unnecessary and improper. I do not know that any questions can or will arise as to the disposition of this bond or its avails after it shall come into the possession of the plaintiff. But I do not think it fit to determine any question of that kind in advance. The plaintiff in this suit is not acting for himself, but for, and as the representative of, his wife's estate. In *that* capacity, it is not proper that he should seek or obtain a judgment extinguishing a portion of her estate. With this modification, I think the judgment of the circuit court should be *affirmed*.

[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]